IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV207-03-MU

| | | |
|---|---|---|
| JAMES ERNEST CHAMBERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| GEORGE KENWORTHY, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court upon Respondent's "Motion to Amend and Incorporated Brief, in Light of the Court Reporter's Recent Preparation of the Stenographic Transcripts" (Document No. 8); Petitioner's Motion for Evidentiary Hearing[1] (Document No. 9); Petitioner's "Motion to Cross, Rebuttal to Respondent's Motion to Amend, and Incorporate Petitioner's Brief" (Document No. 10) and Petitioner's Motion for Addendum (Document No. 11.)

In the first motion, the State seeks to amend its Motion for Summary Judgment in light of the preparation of the transcripts of Petitioner's guilty plea proceeding. In his original petition, Petitioner claimed that he was "denied his first right of appeal with the appointment of counsel." (Petition at 5.) Petitioner claimed that his attorney appealed in open court on the grounds of double jeopardy and Judge Dameron noted his appeal. Petitioner claims that after his attorney noted that appeal, he never heard from the court or his attorney again. Since filing its original Motion for Summary Judgment, the State has had the transcript of Petitioner's plea hearing transcribed. The transcript indicates that counsel for Petitioner made objections for the record at Petitioner's plea

---

[1] In this motion Petitioner also asks for appointed counsel.

1

hearing but did not serve notice of appeal. The State seeks to amend its brief supporting its Motion for Summary Judgment to include the transcript of the plea hearing and the arguments presented in the instant motion. Respondent's Motion (Document No. 8) is GRANTED.

Next, Petitioner seeks an evidentiary hearing and the appointment of counsel. The Motion for an Evidentiary Hearing is duplicative in that Petitioner made the same request in his Petitioner for Writ of Habeas Corpus filed on September 27, 2004. Therefore, Petitioner's Motion for an Evidentiary Hearing is denied (Document No. 9). To the extend the Court finds an evidentiary hearing to be appropriate, the Court will set such a hearing on its own motion. Additionally, there is no constitutional right to counsel in proceedings under 28 U.S.C. § 2254. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949), cert.denied, 338 U.S. 950 (1950). Furthermore, the Petitioner is adequately representing himself. Consequently, Petitioner's Motion for Appointment of Counsel is denied (Document No. 9.)

Next, Petitioner filed a "Motion to Cross, Rebuttal to Respondent's Motion to Amend, and Incorporate Petitioner's Brief." To the extend that Petition would like to Court to consider the arguments he makes in the instant motion when deciding the Motion for Summary Judgment, Petitioner's motion will be allowed.

Finally, Petitioner filed a Motion for Addendum (Document No. 11) in which he cites an additional case for this Court to consider when deciding the Motion for Summary Judgment. Petitioner's motion is granted and the Court will consider the cited case.

**IT IS HEREBY ORDERED that;**

1) Respondent's Motion to Amend (Document No. 8) is **GRANTED**;

2) Petitioner's Motion for Evidentiary Hearing (Document No. 9) is **DENIED**;

3) Petitioner's Motion to Cross Rebuttal (Document No. 10) is **GRANTED** to the extent that the Court will consider the argument made therein when deciding the Motion for Summary Judgment and:

4) Petitioner's Motion for Addendum is **GRANTED** to the extent that the Court will consider the case and argument cited therein when deciding the Motion for Summary Judgment.

**SO ORDERED**.

Signed: March 27, 2006

Graham C. Mullen
United States District Judge