UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV207-3-MU

| | |
|---|---|
| JAMES EARNEST CHAMBERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| GEORGE KENWORTHY, ) | |
| Superintendent of Lumberton ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner James Earnest Chambers' (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1.) Also before the Court is the State's Motion for Summary Judgment (Document No. 3), the Petitioner's Rebuttal Response to the State's Motion for Summary Judgment (Document No. 4); the State's reply Brief (Document No. 5); Petitioner's Response (Document No. 7); the State's Motion and Incorporated Motion to Amend Supporting Brief (Document No. 8); Petitioner's response to the State's Amended Supporting Brief (Document No. 11) and the State's Response in Opposition (Document No. 13.) For the reasons stated herein, Petitioner's Petitioner for Writ of Habeas Corpus will be denied and dismissed.

### I. Factual and Procedural Background

A review of the record reveals that on August 25, 2003 Petitioner pled guilty to six counts of taking indecent liberties with a child in cases 01 CRS 9099-100, 9102, 9104 and 9108. On September

1

29, 2003 Petitioner was sentenced by the Honorable J. Marlene Hyatt to six consecutive, aggravated terms of 26-32 months imprisonment. Officials at the Department of Correction subsequently notified the court that Petitioner had been erroneously sentenced on the first three counts under the Structured Sentencing Act and that because these counts involved offenses committed prior to October 1, 1994, Petitioner should have been sentenced for them under the Fair Sentencing Act. On January 21, 2004 the Honorable E. Penn Dameron resentenced Petitioner on the first three counts to three consecutive, presumptive sentences of three years imprisonment under the Fair Sentencing Act. Petitioner was represented by Mr. Howard C. McGlohon and did not appeal.

On June 3, 2004 Petitioner filed a pro se petition for writ of certiorari seeking a belated appeal in the North Carolina Court of Appeals. This petition was denied on July 23, 2004. On June 30, 2004 Petitioner filed a pro se state habeas corpus petition, and related motions, in the Supreme Court of North Carolina which was denied on July 2, 2004. On July 13, 2004 Petitioner filed a pro se motion for appropriate relief ("MAR") which was dismissed on July 26, 2004, without prejudice to refile it in the Superior Court of Buncombe County. Petitioner also filed a pro se "Appropriate Relief Direct Appeal" in the Supreme Court of North Carolina on July 13, 2004, which was dismissed on August 12, 2004. On August 2, 2004 Petitioner filed a pro se MAR in the Superior Court of Buncombe County. The Honorable Dennis J. Winner summarily denied Petitioner's MAR on August 20, 2004. Petitioner filed the instant Petition in this Court claiming; (a) he was denied his first appeal as of right with appointment of counsel; (b) his convictions were obtained in violation of double jeopardy; (c) his convictions were obtained in violation of the <u>Brady</u> rule and various constitutional provisions; and (d) his convictions were obtained by means of Governmental Discrimination.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

## III. Analysis

### A. Petitioner's Appeal Claim

Petitioner claims that his court appointed lawyer, Mr. McGlohon, gave notice of appeal at the conclusion of his January 21, 2004 resentencing proceeding on grounds of double jeopardy, and that Judge Dameron noted Petitioner's appeal. Petitioner contends, however, that his appeal was never perfected.

Petitioner is correct in that his appeal was never perfected. However, a review of the transcript of Petitioner's sentencing hearing on January 21, 2004 contains no reference from Petitioner or his attorney of filing a notice of appeal (See January 21, 2004 Sentencing Transcript attached to Document No. 8.) Petitioner's claim in his original petition was that his appointed counsel "appealed in open court on the grounds of double jeopardy and the Honorable Judge Dameron Noted Petitioner's Appeal," (Petition at 5.)[1] This claim is dismissed in that a review of the transcript reveals that neither Petitioner nor his counsel ever served notice of appeal. Moreover, as further evidence that Petitioner did not serve notice of appeal at his sentencing on January21, 2004, a review of the judgement and commitment forms also do not contain an entry on the space provided on the back of the page for entering notice of appeal. (See tab 3 to Respondent's Motion for Summary Judgment.)

### B. Petitioner's Double Jeopardy Claim

---

[1] To the extend that Petitioner has attempted to transform this claim into an ineffective assistance of counsel claim, the Court will not entertain such a claim as it was not alleged in Petitioner's Petition and Petitioner never amended his Petition to include such a claim.

Petitioner claims that he was subjected to double jeopardy because he was resentenced on January 21, 2004 after the court discovered that he had been inadvertently sentenced for the first three counts under the Structured Sentencing Act instead of the Fair Sentencing Act. Petitioner's claim is without merit.

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." United States Constitution, Amendment V. The Double Jeopardy Clause prevents states from "making repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." Green v. United States, 355 U.S. 184, 187-188 (1957). "The United States Supreme Court has held many times that the Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal' (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. United States v. Burns, 29 F.Supp. 2d 318 (4th Cir. 1998). However, the Supreme Court has "consistently recognized that the finality guaranteed by the Double Jeopardy Clause is not absolute, but instead must accommodate the societal interest in prosecuting and convicting those who violate the law." Garrett v. United States, 471 U.S. 773 (1985). Where the court reverses a case for trial error, as opposed to evidentiary insufficiency it "is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect." Burks v. United States, 437 U.S. 1 (1978). A retrial because of an error in the judicial process does not violate the double jeopardy clause, for the accused as well as society has a strong interest in obtaining a fair readjudication to determine a defendant's guilt or innocense free from error. Id. See also Klobuchir

v. Pennsylvania, 639 F.2d 966, 970 (3d Cir.) (Double jeopardy does not prevent subsequent prosecution after guilty plea was vacated because jeopardy had not attached), cert. denied, 454 U.S. 1031 (1981). Even where judgment has been entered on a guilty plea, as is the case here, there is no double jeopardy bar to a subsequent prosecution on the same charge if the earlier guilty plea was set aside. See United States v. Whitley, 759 F.2d 327, 332 (4th Cir. 1985) (en banc). Here, Petitioner plead guilty to six counts of taking indecent liberties with a child. Four months after sentencing on all six counts, it was discovered that as to the first three counts, Petitioner should have been sentenced under the Fair Sentencing Act as opposed to the Structured Sentencing Act which he was sentenced under. Therefore, the Court resentenced Petitioner on the first three counts under the Fair Sentencing Act. Petitioner was never placed in jeopardy more than once for each of the six counts, and the resentencing to correct the invalid sentences on the fist three counts, did not result in double jeopardy. See Bozza v. United States, 330 U.S. 160, 165-166 (1947) (Double Jeopardy Clause permits a district court to correct an illegal sentence stating that "the Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.") Cf., North Carolina v. Pearce, 395 U.S. 711 (1969) (double jeopardy does not bar retrial after conviction set aside on appeal). The Pearce Court concluded that a defendant facing resentencing after conviction may be sentenced to a longer sentence only if it is clear that the longer sentence was not a result of vindictiveness against the defendant.[2] Id. at 725-26.

---

[2] The new sentences were not more severe than his three original sentences for 23-32 months in light of the automatic day for day reduction of his Old Fair Sentencing Act sentences for good conduct in prison. See N.C.G.S. § 15A-1340.7 (1993) (day for day good time sentences reductions for each day served without a major infraction of prison conduct rules). Thus, Petitioner should serve significantly less time under the Fair Sentencing Act 3 year sentences than he would have served for the original three invalid Structured Sentencing Act sentences of 26-32 months, with their mandatory minimum terms. In addition, Petitioner's Fair Sentencing

Here, Petitioner was originally sentenced to six consecutive aggravated terms of 26-32 months imprisonment. The first three counts are the only ones at issue here. Petitioner was then resentenced on the first three counts after it was discovered that he was erroneously sentenced for those counts under the Structured Sentencing Act instead of the Fair Sentencing Act. Petitioner was resentenced for these three counts to three 3-years presumptive sentences. Petitioner's resentencing for the first three counts did not put Petitioner twice in jeopardy for the same offense. The sentence as corrected, imposed a valid punishment for an offense instead of an invalid punishment for that offense. Bozza v. United States, 330 U.S. 160, 167 (1947). In short, Petitioner was not subjected to double jeopardy.

Furthermore, Petitioner presented this claim in his MAR. The Honorable Dennis Winner summarily denied Petitioner's MAR on its merits. This summary MAR order did not result in a decision contrary to, or an unreasonable application of, clearly established federal law, i.e. Bozza v. United States and North Carolina v. Pearce. Nor is the MAR based on an unreasonable determination of the facts, in light of the evidence presented in the state court proceedings. Therefore, Petitioner's double jeopardy claim is denied pursuant to the deferential standards of review contained in 28 U.S.C. § 2254(d) and (e). See Williams v. Taylor, 529 U.S. 362 (2000). There is no requirement that the state court specifically cite United States Supreme Court precedent in its order, so long as its ultimate adjudication is not contrary to, nor involves as unreasonable application of clearly established federal law. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.)("[T]he phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were

---

Act sentences can be further reduced by earning gain-time credits for work performed in prison. See N.C.G.S. § 148-13 (1993) (earned gain time credits for work performed in prison reduces sentence length)

decided in state court, albeit in a summary fashion.", cert. denied, 119 S.Ct (1999). Petitioner's double jeopardy claim is without merit and is also denied pursuant to § 2254(d) and (e).

**C. Petitioner's Brady Claim**

Petitioner contends that his convictions were obtained in violation of the Brady rule and various constitutional provisions. In support of this claim, Petitioner asserts that the state somehow withheld the elements of the offense by not charging him with "Sexual Activity by a Substitute Parent." Petitioner contends that he acted at all relevant times as a "step parent" and had a "special relationship" with the child victim and the state withheld this information from him in order to convict him of the greater offense of taking indecent liberties with a child.

Petitioner's claim is without merit. In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." To prove a Brady violation, a defendant must show that the nondisclosed evidence was: (1) favorable to the defendant; (2) material; and (3) that the prosecution had the materials and failed to disclose them. Moore v. Illinois, 408 U.S. 786, 794-95 (1972); United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001), cert. denied, 535 U.S. 990 (2002). However, Brady does not require the disclosure of evidence available to the defendant. See Fullwood v. Lee, 290 F.3d 663, 686 (4th Cir. 2002) ("The Brady rule 'does not compel the disclosure of evidence available to the defendant from other sources, including diligent investigation by the defense.'"), cert. denied, 537 U.S. 1120 (2003).

It is not entirely clear specifically what Petitioner believes was withheld from him. However, upon reviewing Petitioner's Petition, the Court assumes Petitioner is referring to the fact that he had

a "special relationship" with the victim and as such the state should have charged him with a different statute that is applicable to step parents as opposed the charge he pled to which was taking indecent liberties with a child.. Applying the above cited law to Petitioner's claim, it is clear that Petitioner has not established any Brady violation. First, Petitioner was well aware of the "special nature" of his relationship with the child victim and did not need the state to make him aware of his relationship with the victim. Next, the fact that there is another crime with which Petitioner could have been charged, is not Brady material.[3] Finally, in the guilty plea context, the prosecution does not even have the same Brady obligation it would have for a jury trial. See United States v. Ruiz, 536 U.S. 622 (2002) (prosecutors were not required to disclose potential Brady material to defendant who pled guilty). Therefore, Petitioner's Brady claim is without merit and is denied. Furthermore, Petitioner raised the substance of this claim in his MAR, which was summarily denied on its merits by Judge Winner. Therefore, Petitioner's Brady claim is also denied pursuant to the deferential standards contained in § 2254(d) and (e).

**D. Governmental Discrimination Claim**

Petitioner claims that he has been subject to governmental discrimination due to the fact that he is poor. In support of this claim, Petitioner essentially argues that claims that he has already raised in this appeal, i.e., that he has been denied an appeal and subjected to a Brady violation show that he has been the subject of governmental discrimination due to being poor.

In order to establish a selective prosecution claim, a defendant must show that the prosecution had a discriminatory effect and that it was motivated by a discriminatory purpose. "This requires the defendant to establish both (1) that similarly situated individuals of a different race were not

---

[3] The prosecutor has discretion in selecting the crimes with which to charge a defendant.

prosecuted, and (2) that the decision to prosecute was invidious or in bad faith." United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996), citing United States v. Armstrong, 517 U.S. 456, 465-66 (1996); Wayte v. United States, 470 U.S. 598, 608 (1985); and United States v. Greenwood, 796 F.2d 49, 52 (4th Cir. 1986). The standard for proving a selective prosecution claim is a rigorous one. Olvis, 97 F.3d at 743. Furthermore, selective prosecution "is a claim that there is a defect in the institution of the prosecution [which must be] raised prior to trial." United States v. Edwards, 188 F.3d 230, 237 (4th Cir. 1999), cert. denied, 528 U.S. 1130 (2000). Therefore, "[f]ailure to raise [a] selective prosecution claim before . . . trial . . . constitutes . . . waiver of the claim." Id.

In order to establish a vindictive prosecution claim, a defendant must show that "(1) the prosecutor acted with genuine animus toward the defendant, and (2) the defendant would not have been prosecuted but for that animus." United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001) citing United States v. Goodwin, 457 U.S. 368, 372 (1982). A defendant may prove vindictiveness either through "direct evidence" of "actual vindictiveness" or through "evidence of circumstances from which an improper motive may be presumed." United States v. Wilson, 262 F.3d at 314. To invoke a presumption of vindictiveness based on circumstantial evidence, the circumstances must "pose a realistic likelihood of vindictiveness." Id. This is a fairly strenuous burden to meet, especially in light of the countervailing "presumption of prosecutorial regularity," Id. at 315.

Through Petition's bare conclusory allegations that he has been subjected to governmental discrimination because he has been denied an appeal and subjected to Brady violations, he has failed to meet the high burden of establishing either a selective prosecution claim or a vindictive prosecution claim. Such unsupported assertions are insufficient to entitle Petitioner to an evidentiary hearing.

10

Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). In short, Petitioner has not stated a claim for either vindictive prosecution or selective prosecution. This claim is completely without merit and therefore denied.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is Denied and Dismissed. The State's Motion for Summary Judgment (Document No. 3) is Granted.

**SO ORDERED.**

Signed: March 27, 2007

Graham C. Mullen
United States District Judge